UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**FELISSA ANN DAVIS,**

                           **Plaintiff,**

v.                                                                                                        21-CV-18 JLS(Sr)

**SPECTRUM HEALTH & HUMAN SERVICES,**

                           **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This matter was referred to the undersigned by the Hon. John L. Sinatra, pursuant to 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #7.

Plaintiff commenced this action, *pro se*, pursuant to Title VII of the Civil Rights Act of 1994 (Title VII), as amended, 42 U.S.C. § 2000e *et seq;* the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.; and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq*., alleging that she was terminated from her employment on July 22, 2019. Dkt. #1. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which issued a Dismissal and Notice of Rights dated September 29, 2020. Dkt. #1, p.8. Plaintiff alleges that she received the right to sue letter on October 3, 2020. Dkt. #1, pp. 3. The right to sue letter advises plaintiff that any further action required the

filing of a lawsuit within 90 days of receipt of the notice. Dkt. #1, pp.7 & 8. Plaintiff commenced this action on January 5, 2021. Dkt. #1.[1]

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to file the complaint within 90-days of receipt of the right to sue letter from the EEOC. Dkt. #10.

Plaintiff did not respond to the motion to dismiss despite being served by mail with a copy of the motion by defendant and a copy of this Court's text order directing plaintiff to respond to defendant's motion to dismiss. Dkt. ##12 & 14.

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

---

[1] Plaintiff also filed 21-CV-17, based upon a different EEOC charge, on the same date.

"In adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration "to facts stated on the face of the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir. 1999); *see also Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). As plaintiff's complaint attaches the EEOC's right to sue letter, which is a public record of which the Court can take judicial notice, the right to sue letter may be considered by the Court for purposes of the motion to dismiss. *Dollinger v. State Ins. Fund*, 44 F. Supp.2d 467, 472 (N.D.N.Y. 1999).

A plaintiff asserting an employment discrimination claim under the ADA, ADEA or Title VII must file suit in federal district court within ninety days of receipt of a right to sue letter from the EEOC. *Foster v. Walgreen Co.,* 12 F. Supp.3d 615, 617 (W.D.N.Y. 2014); *See* 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a) & 29 U.S.C. § 626(e). To calculate the deadline, the court applies two presumptions: first, that the notice was mailed on the date shown on the right to sue letter; and second, that the notice was received three days after it's mailing. *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525-26 (2d Cir. 1996). These presumptions may be overcome by "sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three day to reach her by mail." *Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011), *quoting Sherlock,* 84 F.3d at 526. The 90-day period is strictly enforced. *Hughes v. Elmira Coll.*, 584 F. Supp.2d 588, 589 (W.D.N.Y. 2008). Absent a

recognized equitable consideration, the district court cannot extend the limitations period by even one day. *Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 146 (2d Cir. 1984).

Plaintiff's signed complaint acknowledges receipt of the right to sue letter on October 3, 2020, which is one day beyond the presumption of receipt three days after mailing. Calculating from October 3, 2020, the deadline for filing plaintiff's complaint was January 1, 2021. Allowing for the closure of the courthouse on Friday, January 1, 2021, the deadline for filing plaintiff's complaint was extended to Monday, January 4, 2021. *See* F.R.C.P. 6(a)(1)(c) (extending time-period until the end of the next day that is not a Saturday, Sunday or legal holiday where the last day of the period is a Saturday, Sunday or legal holiday). As the filing of the complaint on Tuesday, January 5, 2021 was beyond the deadline, and therefore, untimely, it is recommended that defendant's motion to dismiss (Dkt. #10), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order</u>. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:   Buffalo, New York
         May 13, 2021

                                         <u>s/ H. Kenneth Schroeder, Jr.</u>
                                         **H. KENNETH SCHROEDER, JR.**
                                         **United States Magistrate Judge**