UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

FELISSA A. DAVIS,

    Plaintiff,

v.                                         21-CV-18 (JLS) (HKS)

SPECTRUM HEALTH & HUMAN
SERVICES,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Felissa A. Davis commenced this action on January 5, 2021,[1] alleging employment discrimination claims based on her employment with Defendant Spectrum Health & Human Services. Dkt. 1.

On January 26, 2021, the Court referred this case to United States Magistrate Judge H. Kenneth Schroeder for all proceedings under 28 U.S.C. §§ 636(b)(1)(A), (B), and (C). Dkt. 7.

Defendant moved to dismiss Davis's complaint on February 1, 2021, arguing that it was untimely because Davis did not file suit within ninety days of receiving her right-to-sue letter and, therefore, failed to state a claim. Dkt. 10. Judge Schroeder set a generous briefing schedule on Defendant's motion, but Davis did not respond. Dkt. 14. On May 5, 2021—after the deadline for Davis to respond had

---

[1] Davis dated the complaint "4/4/2021," which the Court assumes was intended to be 1/4/2021. She signed the civil cover sheet on January 5, 2021, and the Court received and filed the complaint on January 5, 2021. See Dkt. 1.

passed—Judge Schroeder issued a Report, Recommendation and Order ("R&R"), recommending that this Court grant Defendant's motion to dismiss because Davis filed her complaint outside of the ninety-day limitations period and did not demonstrate that equitable tolling was appropriate. Dkt. 15.

Davis objected to the R&R, stating, without elaboration, that: (1) the mail was delayed due to the pandemic; (2) she tried to file the complaint on a weekday in January, but the courthouse was closed; (3) she could not visit the courthouse during business hours; and (4) her complaint was timely based on the date of the right-to-sue letter. Dkt. 16. Defendant responded in opposition to Davis's objections. Dkt. 18. Davis did not file a reply.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court carefully reviewed the R&R and the relevant record. Based on its *de novo* review—and construing Davis's pleadings liberally based on her *pro se* status[2]—the Court accepts and adopts Judge Schroeder's recommendation to grant Defendant's motion to dismiss.

---

[2] Specifically, the Court "construe[d Davis's] pleadings liberally and interpret[ed] them 'to raise the strongest arguments they suggest.'" *See Wells v. Annucci*, No. 19-cv-3841, 2019 WL 2209226, at *1 (S.D.N.Y. May 21, 2019) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). But Davis's *pro se* status "does not exempt [her] from compliance with relevant rules of procedural and

For the reasons stated above and in the R&R, the Court GRANTS Defendant's motion to dismiss (Dkt. 10).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and, therefore, DENIES leave to appeal as a poor person. *See Coppedge v. United States*, 369 U.S. 438, 444-46 (1962).

Davis must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure

The Clerk of Court shall close this case, and shall mail a copy of this decision and order to Davis at her address of record.

SO ORDERED.

Dated:   December 10, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

---

substantive law." *See Siao-Pao v. Connolly*, 564 F. Supp. 2d 232, 238 (S.D.N.Y. 2008) (internal quotations and citations omitted).

3